UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY ALGBURI** 250 South 22nd Street Lebanon, PA 17042 | : : : : | |
| Plaintiff, | : : | JURY DEMANDED |
| v. | : : | |
| **CEDAR GRILL, INC.** 1800 East Cumberland Street Lebanon, PA 17042 | : : : : | No.: |
| Defendant. | : : | |

# CIVIL ACTION COMPLAINT

And now Plaintiff, Terry Algburi, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA") have been violated and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Terry Algburi (hereinafter "Ms. Algburi" or "Plaintiff"), is an adult individual residing at the above address.

2. Defendant, Cedar Grill, Inc., (hereinafter "Defendant") is a limited liability company organized and existing under the laws of the Pennsylvania,

registered to do business in the Commonwealth of Pennsylvania, and with a principle place of business at the above address.

3. At all times material hereto, Defendant employed Ms. Algburi in Pennsylvania at the above captioned address and qualified as Ms. Algburi's employer under Title VII of the Civil Rights Act of 1964.

4. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Ms. Algburi exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act ("PHRA") and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Algburi was working for Defendant in

the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

9. On or about February 2020, Defendant hired Terry Algburi to work as a kitchen worker. Ms. Algburi was a loyal, dedicated, and competent employee until her constructive discharge on March 21, 2021.

10. Ms. Algburi is a white /Caucasian woman, and was the only white/ Caucasian female that worked in Respondent's kitchen.

11. In the kitchen, Ms. Algburi worked with four men, two of whom were known as "T" and "Z", but Ms. Algburi does not know their real names.

12. "T" and "Z" egregiously sexually harassed Ms. Algburi for months, beginning approximately five months after the start of her employment and which severely progressed through the remainder of her employment.

13. "T" would say to Ms. Algburi things like, "I want to eat you all up", "I want to have anal sex with you," and would ask if she's ever had anal sex. "Z" would massage Ms. Algburi's shoulders and make comments like, "I want to eat your pu\*\*y," and, "I want to f\*\*\* you."

14. "T" and "Z" would also call Ms. Algburi names, such as a "whore", and talked about like she was nothing but "white trash". She was told that she needed to make Madji, the Owner and male, "fu\*\*ing happy, no matter what."

3

15. Co-employees of Ms. Algburi, including Mo, Christer, and Joy, witnessed the harassment of Ms. Algburi and other female staff members. Ms. Algburi reported this conduct to the owner and managers, Madji and Adel.

16. However, instead of taking actions to investigate and correct or remedy the environment, they told Ms. Algburi to wear earphones so she could not hear the sexually-harassing comments every day.

17. On or around March 21, 2021, no longer being able to endure the sexually harassing environment, Ms. Algburi resigned and was, effectively, constructively discharged from her employment with Defendant.

18. Ms. Algburi has been significantly impacted by the treatment she endured through her employment, emotionally and physically.

19. As a direct and proximate result of Defendant's conduct in terminating Ms. Algburi's employment, Ms. Algburi has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEX DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

20. Ms. Algburi incorporates the preceding paragraphs as if fully set forth at length herein.

21. The Defendant is responsible for the hostile work environment which allowed Plaintiff to be verbally, physically and sexually harassed.

22. Ms. Algburi's status as a female place her in a protected class.

23. Ms. Algburi's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Algburi and force her to terminate her employment.

24. As such, Defendant's decision to discriminate and to force her to terminate her employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

25. As a proximate result of Defendant's conduct, Ms. Algburi sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Brennan has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

26. As a result of the conduct of Defendant's owners/management, Ms. Algburi hereby demands punitive damages.

27. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Ms. Algburi demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## HARASSMENT

28. Ms. Algburi incorporates the preceding paragraphs as if fully set forth at length herein.

29. Ms. Algburi had to endure pervasive and regular harassment from her co-worker and was retaliated against by management because she made complaints about unlawful gender-based harassment and discrimination.

30. This harassment detrimentally affected her in that, among other things she suffered physical pain, embarrassment, humiliation, emotional distress, and disruption to her life because of Defendant actions.

31. The harassment by her co-worker would detrimentally affect a reasonable person for all of the reasons stated herein, as the harassment and its results would cause decreased wages, pain, drying up, lost wages, and embarrassment and humiliation to a reasonable person.

32. The harassment of Ms. Algburi by Defendant's employees was willful and intentional.

33. Despite Ms. Algburi complaining about these issues to Defendant, no meaningful remedial action was taken with respect to the harassment.

34. This willful, intentional, and unlawful gender-based harassment and discrimination violates the laws and regulations of the United States, including without limitation, 42 U.S.C § 2000e, *et seq*. and requires the imposition of punitive damages.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION

35. Ms. Algburi incorporates the preceding paragraphs as if set forth more fully at length herein.

36. At set forth above, Ms. Algburi made complaints about sexual discrimination and harassing conduct in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

37. Defendant took adverse action against Plaintiff by forcing her to terminate her employment.

38. As set forth above, Ms. Algburi participation in protected activity was a motivating factor in Defendant decision to force her to terminate her employment.

39. As such, Defendant's decision to force Ms. Algburi to terminate her employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

40. As a proximate result of Defendant conduct, Ms. Algburi sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Algburi has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

41. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

42. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Plaintiff demands attorneys' fees and court costs.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## HOSTILE WORK ENVIRONMENT
## (P.S. §951, et sec)

43. Ms. Algburi incorporate the preceding paragraphs as if fully set forth at length herein.

44. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on her gender.

45. Ms. Algburi is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.,

46. Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

47. As described above, Ms. Algburi, in the course and scope of her employment, was subjected to a harassing and hostile work environment.

48. Defendants failed to remedy the harassment despite actual or constructive knowledge.

49. Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

50. Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for sexual harassment.

51. As a proximate result of Defendants' conduct, Ms. Algburi sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

52. As a result of the conduct of Defendants' owners/management, Ms. Algburi hereby demands punitive damages.

53. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Ms. Algburi demands attorney's fees and court costs.

## COUNT V
## CONSTRUCTIVE DISCHARGE

54. Ms. Algburi incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Defendant constructively discharged Ms. Algburi from her employment with Cedar Grill, Inc. when it failed to prevent, and therefore condoned, severe and pervasive and outrageous sexual harassment and a related hostile work environment.

56. Defendant also constructively discharged Ms. Algburi from employment when it retaliated against Ms. Algburi in retaliation for her complaints to Defendant about the sexual harassment, and hostile work environment that she was forced to endure.

57. As a proximate result of Defendant's conduct, Ms. Algburi sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Algburi has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

58. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT GENDER AND SEX DISCRIMINATION

59. Ms. Algburi incorporates all the preceding paragraphs as if they were set forth at length herein.

60. Based on the foregoing, Ms. Algburi alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting her to discrimination on the basis of her gender.

61. Plaintiff further alleges that Defendant violated the PHRA by retaliating against Ms. Algburi for her making complaints of sexual harassment and discrimination.

62. Defendant's conduct caused Ms. Algburi to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Algburi has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

63. As a result of the conduct of Defendant, Ms. Algburi hereby demands punitive damages.

64. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*. Ms. Algburi demands attorneys' fees and court costs.

## COUNT VII
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, et. seq.)

65. Ms. Algburi hereby incorporates by reference each and every paragraph above as if the same were set forth more fully at length herein.

66. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

67. Ms. Algburi is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

68. Defendant is Ms. Algburi's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

69. Plaintiff further alleges that Defendant violated the PHRA by retaliating against Plaintiff for her making complaints of sexual harassment and discrimination.

70. As a proximate result of Defendant's conduct, Ms. Algburi sustained significant damages, including but not limited to: great economic loss, future lost

earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Algburi has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

71.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Ms. Algburi demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Terry Algburi, demands judgment in her favor and against Defendant, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery, Esquire*
    Mary LeMieux-Fillery, Esq.,
    PA ID No. 312785

                                              1500 JFK Blvd., Suite 1240
                                              Philadelphia, PA 19063
                                              Telephone: 267-546-0132
                                              Telefax: 215-944-6124
                                              maryf@ericshore.com
                                              *Attorney for Plaintiff, Terry Algburi*

Date: 12/05/2022

# **VERIFICATION**

I, Terry Algburi, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Date: 12/05/2022                BY: *[Electronically Signed - Terry Algburi, 2022-12-05 18:31:53 UTC - 172.56.217.137, NintexAssureSign, 13fc8fee-bd01-4d16-8f06-af620107b7be]*
                                    Terry Algburi